PROB 12B
(7/93)

# United States District Court

## for the

# District of Alaska

RECEIVED

FEB 2 0 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

### Request for Modification of Conditions or Term of Supervised Release
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Christopher Robert Louis Gleckler          Case Number: 3:04-CR-00139-01-JWS

Sentencing Judicial Officer:   John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:    June 9, 2005

Original Offense:             Theft of United States Mail, 18 U.S.C. § 1708

Original Sentence:            Five years probation

Date Supervision Commenced: June 9, 2005

### PETITIONING THE COURT

[  ]   To extend the term of supervised release for _____ years, for a total term of _____ years.
[X]   To modify the conditions of supervised release as follows:

The defendant shall reside in a community correctional center (CCC) for a term of 90 consecutive days as directed by the probation officer, shall comply with the rules of the center, and may participate in a work release program as administered by the center.

The defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

The defendant shall abstain from the use of alcohol and/or other intoxicants, shall not frequent establishments whose primary business is the sale of alcoholic beverages, shall not possess any alcoholic beverages, and shall submit to drug/alcohol testing at the direction of the probation officer, not to exceed six tests per month.

### CAUSE

On January 25, 2008, the defendant was arrested by the Alaska State Troopers (AST), near Cooper Landing, Alaska, on charges of Failure to Stop at the Direction of a Peace Officer (misdemeanor) and Reckless Driving (misdemeanor).

*Request for Modification of Conditions or Term*
*Name of Offender        :        Christopher Robert Louis Gleckler*
*Case Number             :        3:04-CR-00139-01-JWS*

On January 26, 2008, the defendant appeared in the District Court for the State of Alaska at Homer, case 3SW-08-26 CR, and pled No Contest to both charges. On the Reckless Driving conviction, the defendant was sentenced to serve 30 days jail with 25 days suspended, pay a $500 fine with $250 suspended, and complete 40 hours community work service (which will satisfy the unsuspended jail time). On the Failure to Stop conviction, the defendant was sentenced to serve 90 days jail with 85 days suspended, pay a $500 fine with $500 suspended, and complete 40 hours community work service (which will satisfy the unsuspended jail time).

On February 6, 2008, USPO's Kelley and Lyons went to the offender's residence and contacted his landlady (the defendant rents a bedroom in the basement of her residence). The defendant was not home, but the landlady granted the USPO's entry. Numerous cases of Budweiser and wine were found in the defendant's bedroom (note: the defendant is not currently prohibited from consuming alcohol).

Due to this and other issues between the defendant and the landlady, on February 7, 2008, the defendant put in his 30-day notice notifying the landlady that he would no longer be residing there. The landlady does not want the defendant residing at her residence either. The defendant has the room rented through February.

On February 11, 2008, USPO Kelley questioned the offender regarding the beer and wine seen in his room and specifically asked about his drinking behavior. The defendant indicated that he and his grandfather purchased the alcohol. The defendant also stated that he had an "emotional problem," and that he used alcohol as a sedative. Based on this, the defendant's recent driving convictions, and the fact he would be without a residence at the end of the month, I told the offender of my intent to seek Court permission to have the defendant placed in the Cordova Center, and of my intent to seek a condition of supervision prohibiting alcohol consumption. An office appointment was scheduled for February 13, 2008, to address the matter further.

On February 13, 2008, USPO Kelley spoke with Kevin McCoy, Federal Public Defender's Office, who confirmed meeting with the offender about the above-noted issues. McCoy advised that he encouraged the offender to sign a waiver allowing for Cordova Center placement and prohibiting alcohol consumption.

On February 13, 2008, the offender reported to the probation office as scheduled and met with USPO Kelley. The offender was again asked about his alcohol consumption. The offender admitted that he had a "problem with booze," noting that he did not have much else to do, and that he drank out of "sheer boredom." The defendant admitted drinking up to 30 beers in a day, and up to ten bottles of wine in a day if "upset." The defendant advised that alcohol helped him sleep. The offender ultimately agreed that a substance abuse assessment and possible treatment were appropriate.

USPO Kelley read and explained the attached Waiver of Hearing to Modify Conditions to the offender, providing for three additional special conditions of supervision, as reflected in the waiver. Given the defendant's recent driving convictions, current housing problem, and apparent alcohol issues, these additional conditions appear appropriate.

On February 13, 2008, the Cordova Center confirmed that bed space was available for the offender's

*Request for Modification of Conditions or Term*
*Name of Offender        :        Christopher Robert Louis Gleckler*
*Case Number              :        3:04-CR-00139-01-JWS*

placement there.

Respectfully submitted,

REDACTED SIGNATURE

Scott E. Kelley
Senior U.S. Probation/Pretrial Services Officer
Date:  February 15, 2008

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer

## THE COURT ORDERS:

[  ]    No Action
[  ]    The Extension of Supervision as Noted Above
[ \ ]   The Modification of Conditions as Noted Above
[  ]    Other:

_____

_____

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge
Date:  2/19/08

-3-

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# DISTRICT OF ALASKA

**U.S.A. v Christopher Robert Louis Gleckler**          **Docket No. 3:04-CR-00139-01-JWS**

I, ___Christopher Robert Louis Gleckler___ , have been advised and understand that I am
entitled by law to a hearing and assistance of counsel before any unfavorable change may be
made in my conditions of supervised release or my period of supervision being extended. By
"assistance of counsel," I understand that I have the right to be represented at the hearing by
counsel of my own choosing if I am able to retain counsel. I also understand that I have the right
to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I
am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I
also agree to the following modifications of my conditions of supervised release:

The defendant shall reside in a community correctional center for a term of 90
consecutive days as directed by the probation officer, shall comply with the rules of the
center, and may participate in a work release program as administered by the center.

The defendant shall participate in either or both inpatient or outpatient treatment
programs approved by the United States Probation Office for substance abuse treatment,
which program shall include testing to determine whether the defendant has reverted to
the use of drugs or alcohol. At the direction of the probation officer, the defendant may
be required to pay for all or a portion of any treatment program.

The defendant shall abstain from the use of alcohol and/or other intoxicants, shall not
frequent establishments whose primary business is the sale of alcoholic beverages, shall
not possess any alcoholic beverages, and shall submit to drug/alcohol testing at the
direction of the probation officer, not to exceed six tests per month.

Signed: _____     Date: __2/13/08__
          Christopher Robert Louis Gleckler
          Probationer or Supervised Releasee

Witness: _____**REDACTED SIGNATURE**_____     Date: __02/13/08__
          Scott E. Kelley
          Senior U.S. Probation/Pretrial Services
          Officer