# United States District Court
## for the
## District of Alaska

Petition for Warrant or Summons for Offender Under Probation

RECEIVED

MAR 2 4 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Name of Offender: Christopher Gleckler               Case Number: 3:04-CR-00139-01-JWS

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:       June 9, 2005

Original Offense:                Theft of United States Mail, 18 U.S.C. § 1708

Original Sentence:               Five years probation

Date Supervision Commenced:      June 9, 2005

Asst. U.S. Attorney: Retta Randall                   Defense Attorney: Kevin McCoy

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "The defendant shall reside in a community correctional center (CCC) for a term of 90 consecutive days as directed by the probation officer, shall comply with the rules of the center, and may participate in a work release program as administered by the center," in that the defendant was to be removed from the CCC on March 24, 2008, and has failed to comply with the rules of the center, as evidenced by the fact that on or about March 21, 2008, the CCC advised the U.S. Probation Office of its intent to have the defendant removed from the CCC immediately, due to the defendant's recent threats of shooting others and his erratic behavior." This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of probation should be:

    [X]   Revoked
    [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of probation should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Scott E. Kelley
Senior U.S. Probation/Pretrial Services Officer
Date: March 24, 2008

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ]  The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[ ]  Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

3-24-08

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case Number: 3:04-CR-00139-01-JWS |
| vs. | ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| Christopher Robert Louis Gleckler | ) ) ) |  |

I, Scott E. Kelley, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Christopher Robert Louis Gleckler, and in that capacity declare as follows:

On June 9, 2005, the defendant was sentenced to serve a five-year term of probation following his conviction on one count of Theft of United States Mail, in violation of 18 U.S.C. § 1708. The term of probation commenced that date.

On February 19, 2008, defendant's conditions of probation were modified to include the special condition that he reside in a community correctional center (CCC) for 90 days. This was done following the defendant's arrest on January 25, 2008, and subsequent conviction on January 26, 2008, in the District Court for the State of Alaska at Homer, on a charge of Failure to Stop at the Directions of a Peace Officer in the Second Degree, and a charge of Reckless Driving.

On February 22, 2008, the defendant commenced the required 90-day placement at the CCC.

On March 20, 2008, USPO Kelley received a voicemail message from the defendant's counselor (later identified in this declaration as E2) at Anchorage Community Mental Health (ACMH), advising that she had just finished speaking with the defendant, who said some "slightly alarming things." The defendant said that if he had to go back to prison, he would be tempted to get a gun and use it on others and himself. The defendant later laughed it off and said he did not mean it. The counselor advised that she did not see any point in the defendant continuing to come there, because the defendant did not want to work on anything.

On March 20, 2008, USPO Kelley and USPO Tim Astle went to the CCC and met with the federal case manager (CM) and the defendant. CM advised that other residents had reported that the defendant had been on the phone recently and had made statements to the effect of, "if he had to go back to prison, he would kill himself and others." The residents did not take the

Declaration in Support of Petition - Christopher Gleckler

defendant seriously. USPO Kelley inquired of the defendant about the statements he made the previous day at ACMH. The defendant admitted that he made statements that if he had to go back to prison, he might shoot others and himself. Per USPO Kelley's inquiry, the defendant indicated he did not mean it. The defendant noted that he was being kicked out of the program (at ACMH) and was depressed. The defendant also admitted that while at the CCC and on the phone with his grandfather, he said he might kill others and himself before he would go back to prison. The CM also advised the USPO's that the defendant had been seen, by other residents, cutting out gun-sale ads from the newspaper.

According to Anchorage Police Department (APD) records, case 08-12853, on March 20, 2008, police responded to the Anchorage Mental Health Annex (ACMH) at 610 E. 5th Avenue, Anchorage, Alaska. According to an employee (E1) of the facility, on March 19, 2008, at approximately 5:00 p.m., the defendant was there for a meeting. E1 stated that the defendant was antisocial and was gong to be kicked out of the group that he attended for mental health. E1 said that the defendant told a counselor (E2), that if he was faced with having to go back to prison, he might feel forced to get a gun and use it to take people out, and then use it on himself. E1 said that sometime during that conversation between the defendant and E2, East High School was mentioned as a place that the defendant might go if he were to get a gun. E1 said that E2 did not think that the threat was imminent because the defendant was not being faced with going to prison. E1 said that the defendant did have a record of using a gun in the past. E2 was not there during the conversation. The responding officer contacted the APD School Resource Officer at East High School to notify him of the possible threat. The responding officer also contacted USPO Kelley to notify him of the situation.

On March 21, 2008, at approximately 3:30 p.m., the APD School Resource Officer met with the defendant at the Cordova Center to issue a verbal and written "trespass warning" from all Anchorage School District (ASD) property. The defendant said he understood that if he trespassed on any ASD property, that he would be arrested. The officer provided the defendant with a copy of the trespass notice (an ASD form) after he signed it.

Later on March 21, 2008, at approximately 5:30 p.m., the Cordova Center (CCC) contacted the U.S. Probation Office to advise that due to the defendant's recent threats, they intended to remove the defendant from the CCC. The CCC agreed to keep the defendant through the weekend, until Monday, March 24, 2008. The Senior Facility Director of the CCC sent a written statement to the U.S. Probation Office, dated March 21, 2008, which reads as follows: "This letter is in reference to Public Law resident Gleckler, Chris DOB 5-18-85. Due to the serious nature of the recent threat of shooting others at a local Anchorage High School, and, in light of the numerous serious threats and his erratic behavior, we do not have the services nor security to manage someone like him and therefore recommend he be removed and placed in an appropriate facility immediately."

Executed this 24th day of March, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

Declaration in Support of Petition - Christopher Gleckler

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Scott E. Kelley
U.S. Probation Officer